**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

SHENZHEN WENCHUANGFU
ELECTRONIC PLASTIC PRODUCT CO.,
LTD.,

        Plaintiff,

   v.

JURE MARKIC,

        Defendant.

Civil Action No._____

**COMPLAINT**

    WenChuangFu Electronic Plastic Product Co., Ltd ("Plaintiff"), by its attorneys, Hodgson Russ LLP, for its Complaint against defendant Jure Markic ("Defendant"), states as follows:

**NATURE OF THE ACTION**

1.   Defendant is the record owner of a United States patent, U.S. Patent No. 12,070,016 ("the '016 Patent"), directed to an "Automated Light-Sensitive Configurable Animal Door." A copy of the '016 Patent is attached hereto as **Exhibit A**.

2.   Upon information and belief, in November of 2025 Defendant filed a complaint through Amazon.com's ("Amazon") Patent Evaluation Express ("APEX") program alleging infringement of the '016 Patent by products manufactured by Plaintiff.

3.   Plaintiff, a manufacturer and seller of pet products, including automated chicken coop doors, brings this action for a judgment declaring that the '016 Patent is invalid and was obtained through inequitable conduct.

**THE PARTIES**

4.    Plaintiff is a limited liability company formed under the laws of the People's Republic of China (PRC), with its principal place of business located at 1st Floor, Building E#, Hongguoxiang Industrial Zone, Hongzhuling 13-2 Xinhe Yi Xiang, Xinnan Community, Pinghu Street, Longgang District, Shenzhen, China

5.    Upon information and belief, Defendant is an individual with a mailing address at Zgornja Jevnica 2, Kresnice 12891, Slovenia.

6.    Upon information and belief, Defendant is the owner of Run-Tiger, LLC ("Run-Tiger"), a Slovenian company having an address of Vilharjeva 38, Ljubljana, Slovenia 1000.

**JURISDICTION AND VENUE**

7.    The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 and 28 U.S.C. §§ 1331 and 1338

8.    Venue in this District is proper pursuant to 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and, if there is no district in which an action may otherwise be brought, defendant is subject to this Court's personal jurisdiction with respect to this action.

9.    Defendant is subject to specific personal jurisdiction of this Court because, *inter alia*, Defendant's company conducts business in the District and has committed at least some of the acts that form the basis of Plaintiff's claims within this District.

10.    Upon information and belief, Defendant conducts business in the State of New York, sells large quantities of pet products, including automated chicken coop door products,

to customers in New York, maintains an interactive website accessed by residents of New York, and otherwise avails itself of the privilege of doing business in the State of New York.

11.    Upon information and belief, Defendant has purposely directed its activities, including the acts against Plaintiff described herein, toward the state of New York and this action arises from those activities.

12.    Specifically, upon information and belief, Defendant was aware that his actions would cause harm to Plaintiff in New York and prejudice Plaintiff's ability to conduct business in New York

**FACTUAL ALLEGATIONS**

13.    On or about November 18, 2025, customers of Plaintiff received an email from patent-evaluation@amazon.com. The email stated that Amazon "received a report from a patent owner who believes the items listed at the end of this email infringe [the '016 Patent]." The items listed in the November 18, 2025 email included Plaintiff's products ("Accused Products").

14.    The November 18, 2025 email attached a copy of an Amazon Patent Evaluation Express Agreement, which was executed by Defendant. In the executed Agreement, Defendant identified claim 1 of the '016 Patent as the "Patent Claim number for Evaluation."

15.    The November 18, 2025 email provided two options for continuing to sell the Accused Products on Amazon: (1) "resolve [the] claim with the patent owner directly," or (2) "participate in neutral evaluation of the patent owner's claim." The email set a three-week time period for Plaintiff to make its choice.

16.    The November 18, 2025 email concluded by stating that "[i]f [Plaintiff] do[es] not either resolve your claim with the patent owner directly, or agree to participate in the neutral evaluation process, [Amazon] will remove the [Accused Products] from Amazon.com."

17.     Accordingly, a definite and concrete dispute exists between Plaintiff and Defendant regarding infringement and/or enforceability of the '016 Patent.

18.     Plaintiff manufactures chicken coop door products sold directly to customers and through various e-commerce marketplaces, including Amazon.com.

19.     Plaintiff's products include chicken coop doors having Amazon Standard Identification Numbers (ASINs) B0DHVDZ744, B0DP2CX9VW, B0D6RGYJ9Q, and B0CWXWX52L, which Defendant has accused of infringing claim 1 of the '016 Patent.

20.     Plaintiff has offered for sale, sold, and/or publicly disclosed products covered by claim 1 of the '016 Patent prior to the earliest effective filing date of the '016 Patent.

21.     On information and belief, through Run-Tiger, Defendant offered for sale, sold, and/or publicly disclosed products covered by claim 1 of the '016 Patent more than one year prior to the earliest effective filing date of the '016 Patent.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment of Patent Invalidity)

22.     Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

23.     This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

24.     There exists an actual and justiciable controversy between Plaintiff and Defendant with respect to the alleged validity of the '016 Patent due to the assertion of the '016 Patent against Plaintiff.

25.     The '016 Patent is invalid for failure to comply with at least 35 U.S.C. §§ 102 and/or 103.

26.     In view of the foregoing, Plaintiff is entitled to a judgment declaring that the '016 Patent is invalid under at 35 U.S.C. §§ 102 and/or 103.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment of Unenforceability)

27.     Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

28.     This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

29.     There exists an actual and justiciable controversy between Plaintiff and Defendant with respect to the alleged enforceability of the '016 Patent due to the assertion of the '016 Patent against Plaintiff.

30.     Defendant, the inventor of the '016 Patent, breached his duty of candor and good faith under 37 C.F.R. § 1.56 by knowingly and deliberately failing to disclose material information regarding prior public disclosures, commercial sales, and/or offers for sale of the claimed invention that occurred more than one year before the application's filing date. This information included public disclosures, commercial sales, and/or offers for sale of Run-Tiger's model T40 product. Such information was material because a reasonable examiner would have considered it important in deciding whether to allow the application to issue as a patent, as the public disclosures and prior sales constituted a statutory bar under 35 U.S.C. § 102. On information and belief, the Defendant knew of the public disclosures and prior sales, knew of their materiality, and withheld this information with the specific intent to deceive the USPTO. As a result of this inequitable conduct, the '016 Patent is unenforceable.

- 5 -

31.     Plaintiff is entitled to a judgment declaring that the '016 Patent was obtained by inequitable conduct upon the USPTO and thus is unenforceable, and that the Accused Products do not infringe the '016 Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

A.     Declaring that the '016 Patent is invalid and unenforceable;

B.     Preliminary and permanent injunctive relief restraining Defendant and its agents, servants, employees, successors and assigns, and all others in concert and privity with them from filing false complaints with Amazon, and any other e-commerce platform, regarding the Accused Products;

C.     Declaring this action an exceptional case under 35 U.S.C. § 285;

D.     Awarding Plaintiff its attorney's fees and costs incurred in this Action; and

E.     Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury.


Dated:  December 5, 2025

Respectfully submitted,
**HODGSON RUSS LLP**
*Attorneys for Defendant*

By:    s/ Charles S. Rauch
Charles S. Rauch
David J. Panzarella

The Guaranty Building
140 Pearl Street, Suite 100,
Buffalo, New York  14202
Telephone:  (716) 856-4000
Email: crauch@hodgsonruss.com
         dpanzarella@hodgsonruss.com